# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARVIN MILLER, JR., | Case No. 2:23-cv-01314-RFB-NJK |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN WILLIAMS, et al., | |
| Respondents. | |

Petitioner Marvin Miller, Jr., a *pro se* Nevada prisoner, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). Also before the Court is Petitioner's Petition for Writ of Habeas Corpus ECF No. 1-1. Following initial review, the Court dismisses this action.

Petitioner's petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014) (citing Cullen v. Pinholster, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." Burkey v. Deeds, 824 F. Supp. 190, 192 (D. Nev. 1993).

Generally, matters relating to state sentencing are not cognizable on federal habeas review. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless petitioner can show "fundamental unfairness"); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

Federal habeas relief is unavailable "for errors of state law." Lewis v. Jeffers, 497 U.S.

764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).

The petition alleges that Petitioner has earned statutory "good time" credits as provided under NRS 209.4465 and Williams v. State Department of Corrections, 402 P.3d 1260 (Nev. 2017). ECF No. 1-1 at 2. However, his good time credits have not been applied/deducted from his minimum term of imprisonment. Id.

Petitioner's claims present no federal question because they plainly involve the application or interpretation of state law regarding prison disciplinary proceedings, parole hearings, and computation of statutory good time credits. See Swarthout v. Cooke, 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Further, Nevada inmates possess no liberty interest in being released on parole, Moor v. Palmer, 603 F.3d 658, 662–63 (9th Cir. 2010), or the application of good time credits to a life sentence, Witherow v. Farwell, 383 Fed. App'x 688 (9th Cir. 2010) (holding that good time credits do not apply to an indefinite maximum term such as a life sentence) (citing Hunt v. Warden, 903 P.2d 826, 827 (Nev. 1995)). Petitioner' claims are questions of state law and therefore are not cognizable in federal habeas corpus proceedings.[1]

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the dismissal to be debatable or wrong.

**IT IS FURTHER ORDERED** that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of

---

[1] The Court notes that his claims also appear non-cognizable in federal habeas because success on their merits "would not necessarily lead to immediate or speedier release" given the discretionary nature of parole decisions. See Nettles v. Grounds, 830 F.3d 922, 934–35 (9th Cir. 2016).

electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is further instructed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

**DATED** this 26th day of October 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**